Submitted by
Larry Kushner
Debtor pro-se
Larry.Kushner@gmail.com
(732) 670-6703

Jacqueline Kushner
Debtor pro-se
momkush@gmail.com
(732) 670-4277

## UNITED STATES BANKRUPTCY COURT

**DISTRICT OF NEW JERSEY**
402 East State Street
Trenton, NJ 08608

**IN RE: JACQUELINE KUSHNER
AND LARRY J. KUSHNER**

                                         CASE NO. 18-33285-CMG
                                         CHAPTER 13
                             Judge Christine M. Gravelle

Soc. Sec. No. xxx-xx-5868
              xxx-xx-5977

---

**LARRY KUSHNER,
JACQUELINE KUSHNER**

      **DEBTORS-PLAINTIFFS**         **ADVERSARY PROC.
                                                 DKT #19-2030 CMG**
V.

**HSBC BANK USA, AS TRUSTEE
SPECIALIZED LOAN SERVICING (SLS)**

              **DEFENDANTS**

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS COMPLAINT ADVERSARY PROCEEDING

---

### BACKGROUND FACTS

The Debtors, Jacqueline Kushner and Larry J. Kushner, in this Case filed this bankruptcy as a Chapter 13 on 11/27/18. The instant adversary proceeding was filed on June 25, 2019, assigned Docket No. 19-02030, and defendant filed the instant motion to dismiss this bankruptcy returnable 8/21/19. This motion is solely based on the *Rooker-Feldman* alleging this Court lacks jurisdiction.

Defendants have appeared in this action on 1/28/19, (DKT no.39). Defendants have filed a proof of claim for their mortgage in this action (claim # 24-1) in which they alleged under oath that they hold a mortgage on these premises and set forth the payment history and the alleged amount owed.

Defendants filed an objection to the first amended plan in this action (Docket #43) on January 31, 2019 wherein they stated:
> "Specialized Servicing LLC as servicer for HSBC...
> **The holder of a mortgage on the debtors' premises
> At 731 Greens Avenue, Long Branch NJ**"emphasis added

Defendants objections filed 1/31/19 at Docket 43, (copy attached as Exhibit A) further acknowledge and ratify the existence of this claim as a mortgage wherein they state:
> "secured creditor intends to file a claim...with pre-petition
> Arrears...debtors proposed plan calls for refinance of the premises at which refinance does not meet the feasibility requirements...in that the debtor shows no proof of value of how much is being paid secured creditor.
> Debtors plan does not indicate a time frame within which the debtors property will be sold ...whether debtor will continue to make monthly payments...
> plan is remote and speculative"

All the language of the objections is clearly language of a mortgage creditor filing against the debtor property owner and show and ratify the debtor creditor relationship.

Defendants have directly (not thru counsel) taken other actions to

collect on and ratify their mortgage on these premises.

Debtor is the record owner of the premises, 731 Greens Avenue, Long Branch, NJ and therefore it is property of the estate. The debtor maintains insurance on the premises as requested by the trustee, Albert Russo.

## ARGUMENT IN OPPOSITION TO MOTION

This motion is solely made to dismiss based upon the old and in this case inapplicable doctrine of *Rooker-Feldman,* based thereon alleging lack of jurisdiction by this Court.

As shown below this Court does have jurisdiction over this matter and thus this motion must be denied and this adversary proceeding allowed to proceed in its normal course with discovery, other motions, pleadings, possible settlement and trial. Any other factual or law issues can be addressed when before this Court.

As specifically shown below this Court has jurisdiction because the Defendants have waived their right to contest jurisdiction by their actions in this case and filing the proof of claim. Further, Rooker-Feldman is limited to a case which attacks the State Judgement since Federal Courts cannot act as appellate Courts to a final State Judgement. This adversary proceeding also alleges separate causes of action due to defendants' actions during this proceeding and separate causes of action not in issue in State Court. This adversary proceeding in part deals with enforceability of the State judgement in this court in part based upon fraud.

It must be noted based upon cases cited below that there are notable exceptions to Rooker-Feldman some of which apply here. Thus, even if the Court considers Rooker-Feldman, it should not apply it to this case. Specifically, the *"fraud exemption'* is recognized in the Third Circuit and would apply here.

Please note that nowhere in the defendant's proof of claim nor in their initial objections do they attach the alleged judgement they herein refer to or the alleged sale they refer to. Their actions must constitute a waiver, at least for the purpose of this motion.

## POINT I
## ROOKER-FELDMAN DOES NOT DEPRIVE THIS COURT OF JURISDICATION AND THUS THIS MOTION MUST BE DENIED

The Rooker-Feldman doctrine …" provides that only the Supreme Court has jurisdiction to hear appeals from final State Court judgements". *Bear v. Patton, 451 F. 3d 639, 641 (10th Cir 2006).*

The genesis of the Rooker-Feldman doctrine is the Supreme Courts 1923 decision in *Rooker v. Fidelity Trust Co, 263 U.S. 413 (1923)* which determined that only the Supreme Court was vested with the authority to reverse or modify state court judgements.

That rule **had** been broadly applied. In 2005 the Supreme Court revisited the Rooker-Feldman doctrine in *Exxon Mobil Corp v. Saudi Basic Indus. Corp (SABIC) 544 U.S. 280 (2005),* in part because of the Court's view that the doctrine had been unduly expanded by the lower courts (page 283). In that case the Supreme Court reversed the lower Courts dismissal of the case based upon Rooker-Feldman rule. The Court further held the Federal Courts DO have jurisdiction and that there might be inconsistent results between a Federal and State judgement, but the Court does have jurisdiction. In this case the Supreme Court specifically limited dismissals based on Rooker-Feldman, saying the lower Courts have expanded the doctrine "far beyond the contours of Rooker-Feldman".

Rooker-Feldman, if applicable, only limits a Federal Courts from acting as an Appellate Court to final judgement in State Court which was properly obtained. It does not limit the jurisdiction of this Court in this case.

The First Circuit Court of Appeals, in *Federaction de Maestros de Puerto Rico v. Junta 410 F. 3rd 159 (3rd Cir 2010)* says of Rooker-Feldman: "the doctrine applies only in limited circumstances".

In 2010, the Third Circuit in *Great Western Mining v. Fox Rothchild LLP 615 F. 3rd 159 (3rd Cir 2010)* further limited the applications of Rooker to barring claims. That landmark case held this Court would have jurisdiction of all claims that do not attack the State Court judgement.

On January 11, 2018, our Circuit, the Third Circuit Court of Appeals

decided, "*In re Philadelphia Entertainment & Development Partners, 17-1954, 2018 WL 358216,*" wherein they reversed the decisions of the bankruptcy Court and District Court dismissing the case on these grounds and returned the matter to the District Court, In its decision the Circuit Court stated that the Federal court has jurisdiction "so long as the Federal Plaintiff presents some independent claim, even if the claim denies a legal conclusion reached by State Court". In the instant case there are separate allegations and claims.

As quoted in *In Re Philadelphia (supra.)* "in apparent contradiction to Rooker-Feldman theory, bankruptcy Courts are empowered to avoid state judgements" (quoting *In Re Gruntz 202 F 3.d 1074, 1079 (9th Cir 2000).* As further stated in that decision, the court stated "As explained in Great Western, a federal Court can address the same issue "and reach a conclusion contrary to a judgement by the first Court" as long as the Federal court does not reconsider the legal conclusion reached by the first Court ( *Great Western 615 F. 3d at 169).*

In the instant case there are allegations of fraud on the Court. This allegation is because in the State court foreclosure the Plaintiff (defendant herein) alleged they were in possession of the note. In the proof of claim filed in this case (DKT 24-1) the creditor attached a "lost note affidavit". Thus, the State Court judgement was granted based on Plaintiff's allegations alleging they had the note. Although New Jersey has procedure for cases where a Plaintiff "lost the note" the defendant herein did not choose to avail themselves of this procedure. Instead, **they lied** to the Court. Now in this court they admit they don't have the note and didn't have it when the judgement was taken in the State Court. Clearly a lie to a Court. Clearly a material fact relied upon to obtain the judgement. Thus, the classic definition of fraud.

This court does not have jurisdiction to review the state court judgement. It does have the power to release the judgement against this property of the Estate. That is a different request which this Court has jurisdiction to determine.

It appears Rooker-Feldman, specifically does not allow an action based on damages caused by the State Court judgement. However, most courts DO ALLOW an attack on a winning parties method in obtaining the judgement. The basis for this is *Exxon Mobil (cited above).*

The Third Circuit allows for fraud claims within their jurisdiction. In *Pondexter v. Allegheny County Housing Authority 329 F. App'x 347 (3rd Cir 2009)* the Plaintiff alleged the defendant "committed fraud in the State Court's by misleading the Court regarding the amount of rent he owed". This court, the United States Court of Appeals for the Third Circuit held that, under the restriction imposed under *Exxon Mobil (cited above)* **"this claim does not allege harm caused by a state court judgement, but instead challenges the manner in which the State Court judgement was obtained"** (I believe this is what attorneys refer to as a case "on all fours'). (emphasis added)

The USDC, New Jersey, Camden vicinage came to a similar result in *Frame v. Lowe, No. 09-2673, 2010 UD Dist Lexis 10494, at 16* wherein the Court stated: "Fraud in the procurement of a judgement is an "independent claim' that is **not barred** by Rooker-Feldman'.

The Third Circuit is not the only one limiting Rooker Feldman. In the Sixth Circuit, in *Todd v. Weitman, Weinberg and Reiss 434 F. 3rd 432 (6th Cir 2006)*, in a case involving a debt collector, the Court held that the injuries suffered were independent of the State court action, therefore Rooker-Feldman did not apply and the case should proceed.

In the Eighth Circuit in *Hageman v. Barton, 817 3rd 611 (2016)* in a case involving collection of a debt the Court again did not apply Rooker-Feldman and stated: "If...a Federal Plaintiff asserts (as a legal wrong) an allegedly illegal act or omission by an adverse party Rooker-Feldman does not bar jurisdiction" (citing *Riehm v. Engelking 538 F. 3rd 952, 965 (8th Cir 2008)* which quoted the Ninth Circuit language in *Noel v. Hall, 341 F. 3rd 2003).*

Clearly the allegations in this adversary proceeding qualify for the jurisdiction of this Court and for this matter to proceed.

Thus, this motion must be dismissed.

**POINT II
ROOKER-FELDMAN DOES NOT DEPRIVE THIS COURT OF JURISDICTION BASED UPON THE "FRAUD EXCEPTION" AND THUS THIS MOTION MUST BE DENIED**

Courts have created a **fraud exception** to dismissal of a case based upon the Rooker Feldman doctrine.

The genesis of this fraud exception in Federal Court holdings appears to be language in a decision of United States Court of Appeals, Fourth Circuit case <u>Resolute Insurance co. v. North Carolina 397 F.2d 586, (4th Cir 1968)</u> wherein this Appellate Court held:
"While a Federal Court may entertain a collateral attack on a State Court judgement which is alleged to have been procured through fraud, deception, accident or mistake there is no basis in the instant case for such an attack".   That case was dismissed on other grounds; however, recognition of the Courts power was thus established.

The United States Court of Appeals for the Sixth Circuit, in <u>In Re Sun Valley Foods., 801 F. 2d 186 (6th Cir 1986)</u> that Appellate Court clearly established the rule:
"There is, however, an exception to the general rule that precludes
A lower Federal Court from reviewing a State courts judicial proceeding. A **Federal court may entertain a collateral attack on a State Court judgement which is alleged to have been procured through fraud, deception, accident or mistake"** (emphasis added)

In 2004 the Ninth Circuit Court of Appeals determined <u>Kougasian v. TMSL, 359 F. 3d 1136 (9th Cir. 2004)</u> saying Rooker-Feldman **did not** apply and wrote:
"At first glance, a Federal suit alleging a cause of action for extrinsic fraud on a state court might appear to come within the Rooker-Feldman doctrine.  It is clear that in such a case the Plaintiff is seeking to set aside a state court judgement..." but concluded that
"(a) Plaintiff alleging extrinsic fraud...is not alleging a legal error by the state court; rather he or she is alleging a wrongful act by the adverse party" and thus
**"Rooker Feldman did not apply"** (emphasis added).

In the instant case there are allegations of fraud on the Court. This allegation is because in the State court foreclosure the Plaintiff (defendant herein) alleged they were in possession of the note.   In the proof of claim filed in this case (DKT 24-1) the creditor attached a "lost note affidavit".   Thus, the State Court judgement was granted based on Plaintiff's allegations alleging that they had the note.

Although New Jersey has procedure for cases where a Plaintiff "lost the note" the defendant herein did not choose to avail themselves of this procedure. Instead, they lied to the Court. Now in this court they admit they don't have the note and didn't have it when the judgement was taken in the State Court. Clearly a lie to a Court. Clearly a material fact relied upon to obtain the judgement. Thus, the classic definition of fraud.

This court does not have jurisdiction to review the state court judgement, except in the case of fraud. In either event this Court does have the power to release the judgement against this property of the Estate. It also has the power to force the creditor to act the secured creditor holding a mortgage as they alleged and swore to. Those are requests which this Court has jurisdiction to determine.

It appears Rooker-Feldman, specifically does not allow an action based on damages caused by the State Court judgement. However, most courts DO ALLOW an attack on a winning parties methods in obtaining the judgement. The basis for this is  Exxon Mobil (cited above).

The Third Circuit allows for fraud claims within their jurisdiction In *Pondexter v. Allegheny County Housing Authority 329 F. App'x 347 (3rd Cir 2009)* the Plaintiff alleged the defendant "committed fraud in the State Court's by misleading the Court regarding the amount of rent he owed". This court, the United States Court of Appeals for the Third Circuit held that, under the restriction imposed under Exxon Mobil (cited above) "this claim does not allege harm caused by a state court judgement, but instead challenges the manner in which the State Court judgement was obtained" (I believe this is what attorneys refer to as a case "on all fours'). (emphasis added)

The USDC, New Jersey, Camden vicinage came to a similar result in *Frame v. Lowe, No. 09-2673, 2010 UD Dist Lexis 10494*, at 16 wherein the Court stated: "Fraud in the procurement of a judgement is an "independent claim' that is not barred by Rooker-Feldman'.

## POINT III
**DEFENDANT HAS WAIVED ANY OBJECTION TO THIS**

### COURTS JURISDICATION OF THIS ADVERSARY PROCEEDING OR THIS OBJECTION IS BARRED BY LACHES AND ESTOPPEL OR THIS ACTION IS SEPERATELY VIABLE UNDER THE BANKRUPTCY COURTS POWERS FOR CLAIM AVOIDANCE AND 'CLAW BACKS'

Defendant has filed a proof of claim in this bankruptcy (Claim # 24-1)

Defendant has filed an objection to Plaintiff's first plan in this bankruptcy and stated therein that their claim is for a mortgage (Dkt no.43). (quoted above and attached)

Defendant has submitted to the Plaintiff documents regarding loss mitigation, changes in rates and requests for insurance.

The defendants constitute waiver of any objections to the jurisdiction of this court.

The Plaintiff has relied on these actions and representations of these defendants.

As a matter of law Plaintiff is bound by their actions and these representations.

Thus, this court has the equitable to enforce this claim as the mortgage that the defendants alleged.  These powers come from the bankruptcy code and the powers to avoid certain liens and cancel certain judgements and liens.  They have nothing to do with the State Court judgement.

Further the defendant as a matter of equity should be estopped and enjoined from enforcing a sale after not alleging same and disclosing same to this Court.  These equitable principles include laches, estoppel, collateral estoppel and the general principals of equity.

## **CONCLUSION**

For the reasons set forth above and as a matter of law this Motion must be denied, and this matter proceed.

August 16, 2019

Respectfully submitted,

-----------------------------------
LARRY J KUSHNER,
Debtor - pro-se
(732) 670-6703

-----------------------------------
JACQUELINE KUSHNER,
Debtor - pro-se
(732) 670-4277

Denise Carlon, ESQUIRE
KML Law Group, P.C.
216 Haddon Avenue, Ste. 406
Westmont, NJ 08108
(215) 627-1322
Attorneys for Specialized Loan Servicing LLC as servicer for HSBC Bank USA, National Association, as Trustee for ACE Securities Corp. Home Equity Loan Trust, Series 2006-HE1 Asset Backed Pass- Through Certificates

| IN THE MATTER OF:<br><br>Jacqueline Kushner<br>Larry J. Kushner<br><br>DEBTOR(S), | IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY<br><br>CHAPTER 13<br>CASE NO. 18-33285 CMG<br><br>NOTICE OF OBJECTION |
|---|---|

The undersigned, Denise Carlon, Esquire For KML Law Group, P.C., attorney for Secured Creditor **Specialized Loan Servicing LLC as servicer for HSBC Bank USA, National Association, as Trustee for ACE Securities Corp. Home Equity Loan Trust, Series 2006-HE1 Asset Backed Pass- Through Certificates**, the holder of a Mortgage on the debtors' premises at **731 Greens Avenue Long Beach, NJ 07740** hereby objects to the confirmation of the debtors' proposed Chapter 13 Plan for the following reasons:

1. The claims bar date is February 05, 2019. Secured Creditor intends to file a claim on or before the bar date with pre-petition arrears estimated at $852,288.90.

2. Debtor's plan provides for payment in the amount of $0.00 towards the arrearage claim of the Secured Creditor.

3. The Debtor's proposed plan calls for the refinance of premises at which refinance provision does not satisfy the feasibility requirements of 11 U.S.C. 1325(a)(6) in that the debtor(s) show(s) no proof of value and further does/do not evidence how much is being paid to the Secured Creditor through the plan.

4. The Debtor's plan does not indicate a time frame within which the Debtor's property will be sold and whether the Debtor(s) will continue to make the monthly mortgage payments outside the Chapter 13 plan.

5. The Debtor's proposed plan calls for the sale or refinance of the aforesaid premises, which sale provision does not satisfy the feasibility requirements of 11 U.S.C. 1325 (a) (6). The sale or refinance of the property on or before is remote and speculative and therefore the plan is not feasible.

Exhibit "A"

6. The plan indicates that the claim of the secured creditor will be paid in full through the Chapter 13 plan by a sale or refinance of its collateral. Any payoff of the Secured Creditor's claim must be calculated according to New Jersey state law. See 11 U.S.C 1325(a)(5)(B)(I)(aa).

7. Debtors' plan apparently provides for sale, refinance, short sale, and modification of the subject claim. Because the treatment is not clear, the plan does not meet the feasibility requirements of 11 U.S.C. 1325(a)(6).

8. The Secured Creditor's security interest is not adequately protected during the life of the Debtor's plan. The monthly mortgage payment is $. However, the Debtor proposes to make adequate protection payments of only per month. The Debtor does not propose to make full payments in accordance with the terms of the note and mortgage in violation of 11 U.S.C.1322 (b) (2).

9. Debtor's Plan understates the amount of the Secured Creditor's claim by $852,288.90, and does not provide sufficient funding to pay said claim.

10. Accordingly, Debtor's plan is NOT feasible, as it does not fully compensate the Secured Creditor.

11. In addition, the debtor's plan fails to comply with 11 U.S.C. 1322 and 11 U.S.C. 1325.

In the event the debtors cure the aforesaid payments due outside the Chapter 13 Plan prior to the Confirmation Hearing, the undersigned will not appear at the Confirmation Hearing and aforesaid objections should be deemed waived.

/s/ **Denise Carlon, Esquire**
Denise Carlon, Esquire
Attorney for Specialized Loan Servicing LLC as servicer for
HSBC Bank USA, National Association, as Trustee for ACE
Securities Corp. Home Equity Loan Trust, Series 2006-HE1
Asset Backed Pass- Through Certificates

Dated: JANUARY 31, 2019